# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**TANJA VIDOVIC,**

   **Plaintiff,**

**vs.**          **Case No.: 8:16-cv-00714-EAK-AAS**

**CITY OF TAMPA,**

   **Defendant.**

_____/

## DEFENDANT'S OPPOSED MOTION FOR A CONTINUANCE OF THE TRIAL

   The Defendant, City of Tampa, moves pursuant to Local Rule 3.09 for a continuance of the trial of this case, currently scheduled on the Court's November trial calendar to be tried on November 13 – 16, November 20 – 22, November 28 – 30 and December 4 – 6. The Defendant seeks a continuance to a calendar or time which will allow the case to be tried in successive weeks and without three breaks of three, five and three days.

## MEMORANDUM OF LAW

   The Court has broad discretion in deciding whether to grant or deny a motion for continuance. *Quiet Tech. DC-8, Inc. v. Hurel-Dubois UK Ltd.*, 326 F.3d 1333, 1351 (11th Cir. 2003). In order to prevent abuse of this discretion, the Court should not deny a motion for continuance if doing so would be arbitrary, unreasonable, or prejudicial to the moving party. *Sec. & Exch. Comm'n v. Levin*, 849 F.3d 995, 1001 (11th Cir. 2017). In determining the reasonableness for a continuance, the Court should diligently consider whether the balancing of "expeditiousness [of trial] in the face of a justifiable request [for continuance] [will] render the right to defend" oneself at trial inert. *Ungar v. Sarafite*, 376 U.S. 575 (1964).

As grounds for this motion the Defendant says that the current schedule for trial by jury will substantially and detrimentally affect the ability of the Defendant to defend itself. It will adversely affect the ability to select a jury, as the pool of potential jurors will be reduced to those persons whose work, family and personal obligations allow them to serve for four irregular weeks, including the Thanksgiving Day week. The current schedule will include large breaks between the end of one trial week and another. These breaks will affect the ability of the jurors to comprehend and remember testimony and evidence. The schedule will impair the Defendant's ability to present its case.

Were this a matter set for bench trial, the Defendant would not be filing this motion. But it is a jury trial and while the Defendant understands the Court's workload, the Defendant cannot obtain trial before the magistrate without the Plaintiff's consent. It therefore notes that the Plaintiff has identified 207 potential exhibits and 29 potential witnesses for her case in chief. (Doc. 89-1); (Doc. 89-3). She will at least attempt to proffer testimony dating back to 2009 until her termination in 2016. The Defendant cannot know which exhibits and/or witnesses will be necessary for its defense until the Plaintiff rests. It has therefore identified 86 potential exhibits and 49 potential witnesses. (Doc. 89-2); (Doc. 89-4).

Based on the number of potential exhibits and witnesses the parties may call, a jury's memory and comprehension of the evidence as a whole will be compromised if trial is conducted over such staggered dates with breaks of three, five and three days, especially when those breaks occur at the end of three separate weeks but after the Plaintiff has had four consecutive days in which to present her case and the Defendant then has at most three consecutive days, followed by five days and then three more followed by another three days

of work, after which the Plaintiff will potentially have rebuttal occurring as the last word and coming a great deal of time after the jury has last heard from the Defendant. The current trial schedule has the potential to lead to juror memory loss, loss of comprehension of the triable issues, and difficulty in the ultimate fact finding based on the evidence presented. Indeed, the jury does not have the benefit of receiving a transcript of the trial for its deliberation. Moreover, much of this trial will be based on witness credibility, and large gaps in time between trial dates has the potential to be prejudicial to the Defendant which has to wait until the Plaintiff's case in chief is finished to put on its evidence.

Moreover, the scheduling of witnesses around the current schedule will require the disruption of those witnesses lives for the better part of a month. That too will cause adverse consequences.

## CONCLUSION

For the foregoing reasons, the Defendant respectfully requests this Court grant the motion to continue this trial to a period in which the case can be tried on consecutive dates.

## LOCAL RULE 3.01(G) CERTIFICATE OF GOOD FAITH

Pursuant to Local Rule 3.01(g), the Defendant has conferred with the Plaintiff in good faith regarding the relief sought by this motion and certifies this motion is opposed.

## LOCAL RULE 3.09(D) CERTIFICATE

The City of Tampa has been informed of the motion and has consented to its filing.

Respectfully submitted,

/s/ Thomas M. Gonzalez
Thomas M. Gonzalez (Trial Counsel)
Florida Bar No: 192341

Nathan J. Paulich
Florida Bar No: 85190
Thompson, Sizemore, Gonzalez & Hearing, P.A.
201 North Franklin Street, Suite 1600
Tampa, Florida 33602
Mail:  P. O. Box 639
Tampa, Florida 33601
Telephone: (813) 273-0050
Facsimile: (813) 273-0072
tgonzalez@tsghlaw.com
npaulich@tsghlaw.com
Attorneys for the Defendant

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished

this 30th day of October, 2017, by CM/ECF electronic filing to the Clerk of Court and to the

following:

Wendolyn S. Busch
Law Offices of Wendolyn S. Busch, P.A.
Post Office Box 221
Odessa, FL 33556-0221
wb@wendybusch.com

Stanley T. Padgett
Padgett Law, P.A.
201 E. Kennedy Boulevard
Suite 600
Tampa, FL  33602
spadgett@padgettlawpa.com

/s/ Thomas M. Gonzalez
Attorney

4